In the Matter of the Guardianship of CHARLOTTE BISHOP, an Infant.

Surrogate's Court, Schenectady County, January 22, 1930.

*Myers & Searle* [*W. Fenton Myers* of counsel], for the petitioner Ouderkirk.

*Edward D. Eddy,* for the petitioner Bishop.

CAMPBELL, S. This is an application on the part of the maternal aunt, Mrs. Helen Ouderkirk, and the paternal uncle, Mr. Richard Bishop, for letters of guardianship of the person and estate of Charlotte Bishop, the above-named infant, now about two years of age.

Testimony in this matter was taken on Monday, January 13, 1930, when all parties interested were heard by this court. At the conclusion of said hearing the court stated that in so far as the moral standing and calibre of the petitioning parties were concerned the court was satisfied that each petitioner met all necessary requirements on these points. Therefore, this phase of the application will not receive further consideration because I believe that both the petitioning parties are of the highest moral character.

The court appreciates fully the sentiments of the heart which prompt the applications of both petitioners, but, on the other hand, the court, in deciding this matter, must be guided by the moral character of the person to whom letters of guardianship are issued, upon which the court is well satisfied, and which one of these two petitioners is the better able in the future to advance and promote the interests of this infant.

The testimony revealed that ever since the accident in which this infant's parents lost their lives, Mrs. Ouderkirk has exercised a maternal attitude over and interest in this child, and on the day of the hearing she testified she had disbursed the sum of $1,001 for hospital expenses and a day and night nurse for said infant.

The testimony further showed to the satisfaction of this court that the petitioner, Mrs. Ouderkirk, will be able in the future to render such assistance to this infant of tender years as she may require. According to the testimony of Dr. William C. Treder, who has been and is now caring for this child in a professional manner, she may require expert and professional treatments for weeks, months or years to come. This, of course, is problematical, depending upon the improvement shown in her physical condition.

As between the two petitioners I am satisfied from the testimony that the petitioner, Richard Bishop, is not as well able to render the care and attention which, according to Doctor Treder's testimony, this infant may require, as is Mrs. Ouderkirk.

Accordingly, I have come to the conclusion, after a careful analysis of the testimony and a thorough consideration of all the facts and circumstances of this case, having in mind at all times the future welfare and best interests of the infant, Charlotte Bishop, that it will be the better course to follow to award letters of guardianship to Mrs. Ouderkirk. I trust future years and the improvement in the physical condition of this infant will prove the wisdom of this decision.

Therefore, letters of guardianship on behalf of Mrs. Helen Ouderkirk may be prepared and presented for signature together with a bond, to be approved according to law, in the principal sum of the full amount of the personal property belonging to said infant, and I further direct that said bond be increased as the personal estate of the said infant increases from time to time.